## VERBERG v BOARD OF EDUCATION OF CITY OF CLEVELAND, et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 16927. Decided August 1, 1938

Phillips & Falsgraff, Cleveland, for plaintiff-appellee.

Alfred Clum, Director of Law, Cleveland, and Charles W. White, Asst. Director of Law, Cleveland, for defendant-appellant.

## OPINION

### By LIEGHLEY, J.

This action was brought by plaintiff in his own behalf and in behalf of all others similarly situated against the Board of Education of the City School District of Cleveland, its individual members and the Director of Schools. This case relates exclusively to employes in the classified service.

Plaintiff says that he is sixty-seven years old and an employee in the classified service of the city school district; that on April 11, 1938, said Board adopted Resolution No. 22338, the pertinent part of which reads:

"2. All other employes shall be honorably retired by the Director of Schools from the service of this Board at the end of the school year during which such employees shall have attained the age of sixty-five years."

As part of the same Resolution, the school year was defined as the period from September 1st to August 31st of the next succeeding year.

Plaintiff further alleges that unless restrained the defendants will retire him at the end of the present school year upon the sole ground that he is over sixty-five years of age.

Plaintiff prays that said Resolution be decleared to be null and void and that the defendants be restrained from ending his employment by reason of age alone.

Another paragraph of this same Resolution, which concerned only teachers, was involved in case No. 16923. **Harrison v Board of Education,** et, recently decided by this court, in which it was held that the relation of a teacher and the Board is contractual, and resolution or no resolution unless a renewal contract was approved and confirmed by the Board a teacher had no legal rights which he might assert in respect to continued employment.

It should be recorded that neither in that case nor in this case was the right to maintain the action in the form of a so-called class suit challenged. Neither was it charged that the action was prematurely brought or that plaintiff had or would have an adequate remedy at law if and when he was illegally removed or discharged. The cases were submitted on demurrer to the amended petitions on the one ground that no cause of action was stated.

In the case at bar, the demurrer was overruled by the trial court, and defendants not desiring to plead further judgment was entered in favor of plaintiff. Defendants appealed on questions of law.

The amended petition alleges that the defendants will remove all employees in the classified service over sixty-five years of age because of their age alone, unless restrained, which it was stated the demurrer admits. Also, counsel for defendants in argument asserted the Board would carry out and put into full effect the provisions of said Resolution unless enjoined. It seems to be the wish and purpose of counsel to waive all other legal questions and issues, if any there be, and submit the purported plan of wholesale removal evidenced by the Resolution for a determination of its legality.

It is only upon this theory that there is any lawsuit before us. The Resolution is no more than an announcement of policy formally adopted and recorded. It is a formal threat of future action. What this Board resolves is of little moment. What it actually does may present a judicable issue. If its formal resolution may be the basis of a lawsuit because in the nature of a threat to disburb employees in the future, an informal announcement to the same effect by a majority of its members should likewise be. No employee is injured by what it said. He can only be injured when and if the Director acts.

Further, when and if the Director does act to deprive plaintiff of any of his legal rights, it is likely that he must follow the procedure provided by law if his purported action is based on any ground enumerated in §486-17a GC, or, if on some other ground, in either event, plaintiff may have some appellate remedy prescribed in the act itself before resorting to the courts for relief. In the event of removal of an employee a procedure is required to be followed by this section.

However, counsel seemed content to submit the case in the manner submitted with confident hope for a decision of the legality of the announced future policy of the Board. And, it is in response to this submission that we render the following opinion and judgment.

By the terms of §486-2, GC, an employee in the classified service, may be removed only in the manner and by the means prescribed by the Civil Service Act, or the rules of the Commimssion.

**Sec. 486-17a, GC** reads:

"TENURE OF OFFICE: REMOVALS: APPEAL. The tenure of every officer, employee, or subordinate in the classified service of the state, the counties, cities and city school districts thereof, holding a position under the provisions of this act, shall be during good behavior and efficient service; but any such officer, employee or subordinate may be removed for incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, violation of the provisions of this act or the rules of the commission or any other failure of good behavior, or any other acts of misfeasance, malfeasance or nonfeasance in office.

In all cases of removal the appointing authority shall furnish such employee or subordinate with a copy of the order of removal and his reasons for the same, and give such officer, employee or subordinate a reasonable time in which to make and file an explanation. · Such order with the explanation, if any, of the employee or subordinate shall be filed with the Commission. Any such employee or subordinate so removed may appeal from the decision or order of such appointing authority to the state or municipal commission, as the case may be, within ten days from and after the date of such removal, in which event the commission shall forthwith notify the appointing authority and shall hear, or appoint a trial board to hear such appeal within thirty days from and after its filing with the commission, and it may affirm, disaffirm or modify the judgment of the appointing authority, and the commissions' decision shall be final; provided, however, that in the case of a removal of a chief of police or chief of the fire department, or any member of the police or fire departments of a municipality an appeal may be had from the decision of the municipal commission to the court of common pleas of the county in which such municipality is situated to determine the sufficiency of the cause of removal. Such appeal shall be taken within ten days from the finding of the commission."

. The legislature expressly states that the tenure of every employee in the classified service, shall be during good behavior and efficient service. Sixty-five years of age does not impart a lack of good behavior or inefficient service. Age is not enumerated as one of the dozen and more grounds of removal. Age alone is nowhere in the act even considered, directly or indirectly as a justifiable basis for removing an otherwise

meritorious employee from the payroll, except as advancing years may contribute in the development of a cause for removal mentioned in the section. Age alone as a ground of removal legislates an additional ground into the statute.

Sec. 486-17a, GC, further provides that: "in all cases of removal" the employee shall be given a copy of the order of removal with reasons therefor. It grants the employee a right of appeal and hearing. "In all cases" would in terms certainly include this case. The existence of one or more grounds set out in the statute seems to be essential to the validity of an order of removal and the same procedure must be followed as in case of lay-off.

**State ex v Board of Agri., 95 Oh St, 276.**
**State ex v Witter, 110 Oh St 216.**

Plaintiff cites and seems to place some reliance upon §7896-99, GC, a section of the Retirement Act, which authorizes an employee to retire and receive the benefits of the Act at sixty years voluntarily and requires that he retire at seventy years. This section is merely an age limitation for purposes of administering the Retirement Act and does not abridge nor amend the force and effect of §486-17a GC, as to tenure rights of an employee thereby conferred. But for the provisions of the Retirement Act there is no age limitation imposed by §486-17a, GC, or otherwise, except as age may superinduce a cause for removal enumerated.

Counsel for defendants contend that age is really outside of the causes for removal recited in the statute which causes are said to be personal to the employee. It is contended that age is properly classified as non-personal and on a parity with abolishment of the job or removal for economic reasons.

Abolishment of position for lack of work or removal for want of funds to pay are sufficient and justifiable grounds for terminating employment when done in good faith.

**Vansuch v State ex, 112 Oh St 688.**
**State ex v Witter, 114 Oh St 122.**

These two grounds for removal are not personal to the employee, but to include advancing age of an employee as non-personal in the same class with these is untenable for many reasons. The employee has nothing to do with, and cannot control the amount of work or funds, but he alone carries the years and bears the inroads; their increasing number makes into his efficiency or competency.

Defendants say the Resolution is a rule and regulation for the government of the employees of the Board and that abundant authority exists to justify and authorize its adoption in the powers conferred by §§4749, and 4750, GC.

These sections undoubtedly confer almost limitless power to supervise the School System and repose powers to adopt rules that are deemed for the best interests of the Board, the teachers, pupils and its employees. But, in the event tenure is established by statute and method and manner prescribed therein for terminating such tenure, rule-making power does not extend to the adoption of a rule providing for the accomplishment of a result in a different manner or at a different time in conflict with the methods prescribed by express statute.

Age alone is not a ground for removal of an employee in the classified service. Age is distinctly personal to the employee. Age is not among those enumerated that furnish a justification of removal.

As to employees in the classified service with the Board, Resolution No. 22338 is a nullity in this sense that it in no degree may be used or serve as a substitute for the procedure prescribed and required by §486-17a GC, to remove an employee, and any action taken in pursuance thereof, and in conformity therewith, based solely thereon is unwarranted in law.

The judgment is affirmed.

LEVINE, PJ, concurs.
TERRELL, J, dissents.